# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JEDIDIAH ISAAC MURPHY<br>    *Plaintiff*,<br><br>v.<br><br>BRYAN COLLIER, Executive Director, Texas Department of Criminal Justice;<br><br>BOBBY LUMPKIN, Director, Correctional Institutions Division, Texas Department of Criminal Justice;<br><br>KELLY STRONG, Senior Warden, Huntsville Unit, Huntsville, Texas;<br>    *Defendants*. | Civil Case No.<br><br><br><br>**DEATH PENALTY CASE**<br><br>**EXECUTION SCHEDULED FOR OCTOBER 10, 2023** |

## COMPLAINT PURSUANT TO 42 U.S.C. § 1983

JASON D. HAWKINS
Federal Public Defender

Jeremy Schepers
Supervisor, Capital Habeas Unit
Texas Bar No. 24084578

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
jeremy_schepers@fd.org

Steven T. Collis
Texas Bar No. 24122632
(application for admission pending)
Law & Religion Clinic
University of Texas School of Law
727 E. Dean Keeton St.
Austin, TX 78705
Steven.collis@law.utexas.edu
512-475-9090

John Greil
Texas Bar No. 24110856
Law & Religion Clinic
University of Texas School of Law
727 E. Dean Keeton St.
Austin, TX 78705
john.greil@law.utexas.edu

## INTRODUCTION

1. Jedidiah Murphy is a Jewish American who is incarcerated at the Polunsky Unit of the Texas Department of Criminal Justice (TDCJ) under a sentence of death.

2. In a tradition that stretches back millennia, the Jewish religion prohibits the embalming of bodies after death. It also generally prohibits the modification of, or tampering with, bodies after death. Mr. Murphy sincerely holds these Jewish beliefs.

3. Mr. Murphy is scheduled for execution on October 10, 2023.

4. Texas law requires that "[t]he body of a convict who has been legally executed *shall* be embalmed immediately and so directed by the Director of the correctional institutions division of the Texas Department of Criminal Justice." Tex. Code Crim. Proc. art. 43.25 (emphasis added).[1] The statute is mandatory and has no exceptions.

5. Article 43.25's embalmment requirement substantially burdens Mr. Murphy's religious exercise in violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc et seq (RLUIPA).

6. As applied to Mr. Murphy, Article 43.25's embalmment requirement also violates the First Amendment's Free Exercise Clause.

7. Mr. Murphy has sought assurances from Defendants that, if his execution goes forward, his body will not be embalmed. Defendants have been unwilling or unable to provide that assurance to Mr. Murphy.

---

[1] The quoted language is from the amended version of the statute, which takes effect on September 1, 2023, before Mr. Murphy's execution date. The current version of the statute is identical to the amended version, except that it refers to the "Director of the Department of Corrections," rather than "the Director of the correctional institutions division of the Texas Department of Criminal Justice."

8. To prevent the Defendants from violating Mr. Murphy's religious rights, as protected by RLUIPA and the First Amendment, relief from this Court is necessary.

## JURISDICTION AND VENUE

9. This action is brought pursuant to 42 U.S.C. § 1983. This Court also has jurisdiction under 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because all Defendants reside or have business offices in the State of Texas, and all Defendants resides or have business offices in this District. Venue is also proper because the execution, and the statutorily mandated embalming, will occur in this District.

## PARTIES

11. Plaintiff Jedidiah Isaac Murphy is a Jewish American who is incarcerated under a sentence of death and is under the supervision of the TDCJ. He is confined at the Polunsky Unit, located at 3872 FM 350 South, Livingston, Texas 77351.

12. Defendant Bryan Collier is the Executive Director of TDCJ. Defendant Collier is the commanding officer of all TDCJ employees and contractors and is responsible for their conduct. He is responsible for protecting the statutory and constitutional rights of all persons and entities under TDCJ's supervision. Defendant Collier has business offices located at 861 A IH 45 North, Huntsville, Texas 77320.

13. Defendant Bobby Lumpkin is the Director of the Correctional Institutions Division of TDCJ. Defendant Lumpkin is responsible for the supervision and administration of the state prison system and is responsible for protecting the statutory and constitutional rights of all TDCJ inmates, including those on death row. He is also the individual who is "directed" by

|     | |
| --- | --- |
|  | Article 43.25 to have an executed inmate's body "embalmed immediately" after execution. Defendant Lumpkin's business address is P.O. Box 99, Huntsville, Texas 77342. |
| 14. | Defendant Kelly Strong is the Senior Warden of the Huntsville Unit, where the State of Texas carries out executions. Because Ms. Strong is the warden of the Huntsville Unit, she is responsible for supervising the scheduled execution in this case. She is also responsible for protecting the statutory and constitutional rights of TDCJ inmates at her facility. Defendant Strong has offices located at 815 12th Street, Huntsville, Texas 77348. |
| 15. | All Defendants are sued in their official capacities as representatives of TDCJ. |
| 16. | In all respects relevant to this action, all Defendants are state officials acting under color of state law. |

**FACTS**

| | |
| --- | --- |
| 17. | Mr. Murphy was sentenced to death on June 30, 2001, following his conviction for capital murder in the 194th District Court of Dallas County, Texas. Mr. Murphy unsuccessfully challenged his conviction and sentence on direct appeal and in state and federal post-conviction proceedings. He is scheduled to be executed on October 10, 2023. |
| 18. | On June 26, 2023, the United States District Court for the Northern District of Texas appointed the Federal Public Defender's Office for the Northern District of Texas ("FPD") to represent Mr. Murphy. Order Granting Murphy's Motion for Appointment of Counsel, *Murphy v. Lumpkin*, No. 3:10-cv-00163-N (N.D. Tex. June 26, 2023), ECF No. 56. |
| 19. | Mr. Murphy has been a practicing adherent of the Jewish religion for many years. He was born into a Jewish family and reconnected with his Jewish faith shortly after his arrival on death row. |

20. In February 2016, with the assistance of Rabbi Dovid Goldstein, Mr. Murphy was able to celebrate his belated bar mitzvah while on death row.[2] Mr. Murphy donned *tefillin* (leather straps affixed to a box containing inscriptions from the Torah) and a *kipah* (traditional Jewish headwear), while he and Rabbi Goldstein recited the *Shema Yisrael* (an ancient Jewish prayer consisting of passages from the books of Deuteronomy and Numbers).[3]



Rabbi Dovid Goldstein (L) and Mr. Murphy (R) at the Polunsky Unit. Mr. Murphy has tefillin wrapped on both his left arm and head.

---

[2] Mr. Murphy was in foster care at the age of 13 and did not have a bar mitzvah (a Jewish coming-of-age ritual) at that time.

[3] *See* Menachem Posner, *Bar Mitzvah on Death Row: a Texas Rabbi's Unique Challenge*, Chabad.org (Feb. 9, 2016), available at https://www.chabad.org/news/article_cdo/aid/3222495/jewish/Bar-Mitzvah-on-Death-Row-A-Texas-Rabbis-Unique-Challenge.htm); *see also* Reuven Kimelman, *The Opening of the Shema Prayer Explained*, The Jewish Experience (May 2, 2022), available at https://www.brandeis.edu/jewish-experience/holidays-religious-traditions/2022/may/shema-explained-kimelman.html.

4

21. Mr. Murphy continues to practice his Jewish faith to this day, including celebrating Jewish holidays, meeting with Rabbis, and engaging in prayer and religious studies.

22. Judaism strictly prohibits the embalmment of bodies, and this belief is personally and sincerely held by Mr. Murphy.[4]

23. Judaism also generally prohibits the modification or tampering of bodies after death, including a ban on the drawing of blood or fluids with limited exceptions, and Mr. Murphy personally and sincerely holds this belief.[5]

24. Defendants acknowledge and respect these religious beliefs for other inmates. When a Jewish inmate dies while in custody—for a reason other than execution—Defendants take steps to ensure that the inmate's body is *not* embalmed in order to respect the inmate's religion.[6]

25. Article 43.25, which applies only to executed inmates, does not contain any exceptions to its embalmment requirement, nor does the mandatory language provide discretion to craft religious or other exceptions. Tex. Code Crim. Proc. art. 43.25 ("The body of a convict who has been legally executed *shall* be embalmed immediately . . . ." (emphasis added)).

---

[4] *See, e.g., Jewish Burial Practices*, PBS: Religion & Ethics News Weekly (Feb. 6, 2004), available at https://www.pbs.org/wnet/religionandethics/2004/02/06/february-6-2004-jewish-burial-practices/1794/ ("In Jewish practice, if possible, a body is buried within 24 hours. There is no embalming."). The Jewish prohibition on the embalming of bodies derives in part from the words of Genesis 3:19: "[F]or dust you are, and to dust you shall return." Ruth Graham, *In Surfside, Age-Old Jewish Traditions Bring Comfort Amid Grief*, New York Times (Aug. 20, 2021), available at https://www.nytimes.com/2021/08/10/us/in-surfside-age-old-jewish-traditions-bring-comfort-amid-grief.html.

[5] *See* Maurice Lamm, *Autopsy and Embalming of a Jewish Body*, Chabad.org, https://www.chabad.org/library/article_cdo/aid/281548/jewish/Autopsy-and-Embalming-of-a-Jewish-Body.htm (last visited Aug. 17, 2023) (describing "basic principles" of Jewish law following death to prohibit "tamper[ing] with [a] person" and providing limited exceptions only after consultation with a rabbi and where cause of death need be determined).

[6] *See* Robyn Ross, *Laid to Rest in Huntsville*, Texas Observer (Mar. 11, 2014), available at https://www.texasobserver.org/prison-inmates-laid-rest-huntsville (noting, in recounting an interview with Defendant Collier, that "[i]f the inmate has filled out paperwork declaring that he's Jewish or Muslim, the Islamic Society or a Jewish burial society usually claim those bodies, as their funeral practices are different and do not include embalming").

26. On July 5, 2023, Mr. Murphy filed a "Step 1 Offender Grievance" form pursuant to TDCJ policy and requested that his body not be embalmed after his execution due to his religious beliefs. Ex. 1. TDCJ returned the grievance unprocessed on July 6, 2023, with a notation stating that "[t]he issue presented is not grievable." *Id.* Because TDCJ returned the grievance unprocessed, Mr. Murphy was prohibited by TDCJ policy from submitting a Step 2 Offender Grievance Form.

27. On July 28, 2023, counsel for Mr. Murphy sent a letter to the TDCJ's General Counsel inquiring "(1) whether Director Lumpkin will follow the statutory requirement and direct that Mr. Murphy's body be embalmed after his execution; (2) if not, what the source of Director Lumpkin's discretion to violate the statute is given its mandatory language; and (3) what assurance, if any, Director Lumpkin can provide that he will prevent the embalmment of Mr. Murphy's body." Ex. 2.

28. Having not received a response, Mr. Murphy's counsel emailed TDCJ's General Counsel to follow up on August 9, 2023. Ex. 3. General Counsel responded the same day that she anticipated following up to the request by "early next week." *Id.* That time has passed.

29. As of this filing, Defendants still have not responded to counsel's letter.

30. In this suit, Mr. Murphy does not challenge his conviction or sentence. Instead, he asks only that the Defendants do not violate his sincerely held religious beliefs by embalming him after his execution.

## CLAIMS FOR RELIEF

### Claim One: Article 43.25's Embalmment Requirement Violates the Religious Land Use and Institutionalized Persons Act.

31. Mr. Murphy incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

6

32. Article 43.25's embalmment requirement violates Mr. Murphy's rights under RLUIPA.

33. Congress enacted RLUIPA "to provide very broad protection for religious liberty"—even "greater protection than is available under the First Amendment." *Holt v. Hobbs*, 574 U.S. 352, 356–57 (2015).

34. Under RLUIPA, a government or state entity may not "impose a substantial burden on the religious exercise of a person residing in or confined to an institution even if the burden results from a rule of general applicability," unless the government demonstrates that imposition of the burden is both in furtherance of a compelling government interest and is also the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-5(7). "By passing RLUIPA, Congress determined that prisoners . . . have a strong interest in avoiding substantial burdens on their religious exercise, even while confined." *Ramirez v. Collier*, 142 S. Ct. 1264, 1282 (2022).

35. Article 43.25's embalmment requirement fails under RLUIPA as applied to Mr. Murphy.

36. Given Mr. Murphy's sincerely held religious belief in Judaism's long-standing prohibition of embalmment, Article 43.25's requirement that his body be embalmed constitutes a substantial burden on Mr. Murphy's religion.

37. Defendants cannot demonstrate that this burden is in furtherance of a compelling interest, nor can they demonstrate that the embalmment requirement is the least restrictive means of furthering any asserted interest.

38. The fact that TDCJ does not require that the bodies of other inmates who die in custody to be embalmed, particularly out of respect for religious beliefs, amply demonstrates the lack of

need for a blanket embalmment requirement for those who are executed. It also shows that other methods are available for dealing with deceased inmates.

39. To the best of counsel's knowledge, no other State, nor the federal government, mandate embalming after execution.

40. When an inmate with a pending execution date raises a meritorious RLUIPA claim, "a tailored injunction" permitting the religious accommodation is appropriate. *Ramirez*, 142 S. Ct. at 1282; *see also id.* ("Because it is possible to accommodate Ramirez's sincere religious beliefs without delaying or impeding his execution, we conclude that the balance of equities and the public interest favor his requested relief.").

41. Other jurisdictions have granted similar requested relief in this context. *See, e.g., Smith v. Li*, 599 F.Supp.3d 706, 714 (M.D. Tenn. 2022) (granting a preliminary injunction to prohibit an autopsy or other invasive procedures after execution).

**Claim Two: Article 43.25's Embalmment Requirement Violates the Free Exercise Clause of the First Amendment.**

42. Mr. Murphy incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

43. The First Amendment commands that "Congress shall make no law . . . prohibiting the free exercise of" religion. U.S. Const., amend. I. The Free Exercise Clause applies to state government actions. *See Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940) (holding that Free Exercise Clause protections are incorporated by the Fourteenth Amendment against the States).

44. As described above, Article 43.25's embalmment requirement inhibits the exercise of Mr. Murphy's Jewish faith. When considering laws or policies that inhibit the free exercise of religion, reviewing courts must first determine whether the law is neutral and generally

8

applicable. *Church of the Lukumi Babulu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). A law or policy that is not *both* neutral and of general applicability "must be justified by a compelling governmental interest and must be narrowly tailored to advance that interest." *Id.*; *Fulton v. City of Philadelphia, Pa.*, 141 S. Ct. 1868, 1881 (2021) ("Put another way, so long as the government can achieve its interests in a manner that does not burden religion, it must do so.").

45. Article 43.25 is not neutral. It requires that an executed inmate be "decently buried." Tex. Code Crim. Proc. art. 43.25. The statute requires embalming for a decent burial. This, by implication, issues a moral judgment against Jewish burial laws.

46. Article 43.25's embalmment requirement is not generally applicable. First, it discriminates between religions. Article 43.25 permits Christians to be buried in line with their religious faith that does not prohibit embalming, and thus permits the Christian burial practice for receiving a "decent burial." But it does not permit Muslims and Jews to receive a "decent burial" by requiring embalming.

47. Second, it is not generally appliable because Texas law does not require that the bodies of all inmates who die in custody be embalmed, particularly if their religious beliefs prohibit it. Rather, the Texas embalmment requirement applies only to inmates who are executed.

48. Article 43.25 is therefore not a neutral law of general applicability and is subject to strict scrutiny.

49. For the reasons set forth above, the Defendants cannot demonstrate that this burden is in furtherance of a compelling interest, nor can it demonstrate that the embalmment requirement is the least restrictive means of furthering any asserted interest.

9

## PRAYER FOR RELIEF

Mr. Murphy requests this Court grant him the following relief:

1. A declaratory judgment that Article 43.25's embalmment requirement, as applied to him, violates RLUIPA;

2. A declaratory judgment that Article 43.25's embalmment requirement, as applied to him, violates his rights under the First Amendment's Free Exercise Clause.

3. A preliminary and permanent injunction prohibiting the Defendants from executing him unless they accommodate his religious beliefs, do not embalm or modify or tamper with his body after execution, including by not adding or withdrawing any fluids, and otherwise allow him to be buried in accordance with his Jewish faith; and

4. Any other relief this Court deems just and proper.

Respectfully submitted,

DATE: August 17, 2023

| | |
|---|---|
| JASON D. HAWKINS<br>Federal Public Defender<br><br>*/s/ Jeremy Schepers*<br>Jeremy Schepers<br>Supervisor, Capital Habeas Unit<br>Texas Bar No. 24084578<br><br>Office of the Federal Public Defender<br>Northern District of Texas<br>525 S. Griffin St., Ste. 629<br>Dallas, TX 75202<br>214-767-2746<br>214-767-2886 (fax)<br>jeremy_schepers@fd.org<br><br>*Counsel for Plaintiff* | Steven T. Collis<br>Texas Bar No. 24122632<br>(application for admission pending)<br>Law & Religion Clinic<br>University of Texas School of Law<br>727 E. Dean Keeton St.<br>Austin, TX 78705<br>Steven.collis@law.utexas.edu<br>512-475-9090<br><br>John Greil<br>Texas Bar No. 24110856<br>Law & Religion Clinic<br>University of Texas School of Law<br>727 E. Dean Keeton St.<br>Austin, TX 78705<br>john.greil@law.utexas.edu |

## CERTIFICATE OF SERVICE

    I hereby certify that on August 17, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court for the Southern District of Texas using the electronic case-filing (ECF) system of the Court. I have also sent a copy of this document to counsel for the Defendants, Assistant Attorney General Ali Nasser, via email at ali.nasser@oag.texas.gov.

                          */s/ Jeremy Schepers*
                          Jeremy Schepers